Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| CARLOS CÁCERES PIZARRO<br>**Recurrente**<br><br>Vs.<br><br>JUNTA DE LIBERTAD BAJO PALABRA<br>**Recurrida** | TA2026RA00044 | *REVISIÓN ADMINISTRATIVA* procedente de la Junta de Libertad Bajo Palabra<br><br>Querella Núm. 21-071<br><br>SOBRE: Revocación de Libertad Bajo Palabra |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Rivera Torres y el Juez Marrero Guerrero.

**Hernández Sánchez, Juez Ponente**

**SENTENCIA**

En San Juan, Puerto Rico, a 20 de febrero de 2026.

El 26 de enero de 2026, el Sr. Carlos L. Cáceres Pizarro (señor Cáceres o recurrente), miembro de la población correccional, compareció ante nos, por derecho propio, *in forma pauperis*, mediante un recurso de revisión judicial el cual intituló como *Moción en solicitud de que se cumpla con el Reglamento*. Allí, solicitó que ordenáramos a la Junta de Libertad Bajo Palabra (JLBP o recurrida) que emitiera una determinación sobre la vista de concesión del privilegio de libertad bajo palabra celebrada el 10 de octubre de 2025.

Por los fundamentos que expondremos a continuación, **desestimamos** el recurso de epígrafe por académico.

**I.**

Conforme surge del expediente de autos, el señor Cáceres cumple una sentencia de ciento y un (101) años, por asesinato en primer grado, robo en el hogar, conspiración e infracción a los siguientes artículos: Arts. 6 y 8 de la *Ley de Armas*, el Art. 2 de la *Ley 15*, Art. 404 de la *Ley de Sustancias Controladas* (2 casos) y el Art. 252 del *Código Penal de Puerto Rico*.[1] A tales efectos, la fecha de extinción

---
[1] *Véase*, Entrada Núm. 5, anejo 1, SUMAC TA.

de dicha sentencia estaba pautada de manera tentativa para el 16 de enero de 2089.

El 1 de septiembre de 2023, la recurrida adquirió jurisdicción sobre el caso del señor Cáceres para los fines de considerar el disfrute del privilegio de libertad bajo palabra.[2] A tales efectos, el 10 de octubre de 2025, se celebró la vista de consideración, mediante videoconferencia, donde compareció el recurrente, por derecho propio y la Sra. María Peñaloza Grajales, técnica de servicios sociopenales.

Posteriormente, el 26 de enero de 2026, el señor Cáceres presentó el recurso de epígrafe y esbozó que tras celebrada la vista del 10 de octubre de 2025, no había recibido notificación de determinación alguna sobre la concesión del privilegio de libertad bajo palabra por parte de la recurrida.

Atendido el recurso, el 28 de enero de 2026, emitimos una *Resolución* concediéndole a la parte recurrida hasta el 17 de febrero de 2026 para presentar su alegato e informar que ocurrió en la vista celebrada del 10 de octubre de 2025. Oportunamente, el 17 de febrero de 2026, la JLBP presentó su escrito donde solicitó la desestimación del recurso debido a que el reclamo del señor Cáceres era académico. En particular, sostuvo que la recurrida emitió una *Resolución* donde denegó el privilegio el 13 de enero de 2026 y que fue archivado en autos el 15 de enero de 2026. Además, manifestó que existía evidencia de que el recurrente recibió correspondencia proveniente de la JLBP el 27 de enero de 2026 y que referido dictamen fue entregado por su técnico sociopenal el 5 de febrero de 2026.

Con el beneficio de la comparecencia de ambas partes, procedemos a atender el asunto ante nos. *Veamos.*

**II.**

El principio de justiciabilidad requiere que los tribunales limiten su intervención para resolver controversias reales y definidas que afecten las relaciones jurídicas de partes antagónicas u opuestas.

---

[2] Íd.

*Pueblo v. Díaz, Rivera,* 204 DPR 472, 481 (2020). Conforme a este principio, los tribunales sólo deben evaluar controversias que sean justiciables, es decir, no deben atender controversias hipotéticas, abstractas o ficticias. *Moreno v. Pres. U.P.R. II,* 178 DPR 969, 973 (2010).

Siendo esto así, nuestro ordenamiento jurídico reconoce la doctrina de academicidad como una manifestación del principio de justiciabilidad, pues, aunque se cumplan todos los criterios para que el caso se considere justiciable, si ocurren cambios en los hechos o el derecho durante el trámite judicial que conviertan en ficticia o académica su solución, los tribunales deben abstenerse en intervenir. *Torres Santiago v. Depto. Justicia,* 181 DPR 969, 982 (2011). El propósito de la doctrina de academicidad "es evitar el uso inadecuado de los recursos judiciales y obviar precedentes innecesarios". *Moreno v. Pres. UPR II,* supra*,* pág. 973-974.

Un caso es académico "cuando la cuestión en controversia pierde eficacia ante el paso del tiempo, ya sea porque ocurrieron cambios en los hechos o en el derecho, y la misma se vuelve inexistente". *Pueblo v. Diaz Alicea,* supra, pág. 481. En otras palabras, un caso es académico cuando se intenta obtener: (1) un fallo sobre una controversia disfrazada o que no existe; o (2) una determinación sobre un derecho antes de que lo hayan reclamado; o (3) o una sentencia sobre un asunto que, al emitirse no podrá tener efectos prácticos sobre una controversia existente. *Torres Santiago v. Depto. Justicia, supra,* pág. 982.

**III.**

En el recurso de epígrafe, el señor Cáceres alegó que no había recibido determinación alguna por parte de la JLBP luego de celebrada la vista de concesión del privilegio de libertad bajo palabra el 10 de octubre de 2025. Sin embargo, del *Escrito en Cumplimiento de Resolución y Solicitud de Desestimación* presentado por la parte recurrida surge que el 13 de enero de 2026, la JLBP emitió una *Resolución* mediante la cual denegó la concesión del privilegio de

libertad bajo palabra tras celebrada la vista de consideración del 10 de octubre de 2025, la cual fue anejada a dicho escrito. Asimismo, del expediente se desprende que la técnica de servicios sociopenales entregó al señor Cáceres copia de ese dictamen, toda vez que obra su firma en la notificación con fecha del 5 de febrero de 2026.

A la luz de lo anterior, resolvemos que la controversia ante nuestra consideración se tornó académica, pues el asunto planteado por el recurrente ya fue atendido por la agencia concernida. La doctrina de academicidad dispone que, aun cuando inicialmente exista una controversia justiciable, los tribunales deben abstenerse de intervenir si cambios en los hechos o en el derecho durante el trámite judicial convierten su solución en una ficticia o sin efectos prácticos. *Torres Santiago v. Depto. Justicia*, supra, pág. 982. En consecuencia, conforme al derecho reseñado y a la Regla 83(B)(5) del Tribunal de Apelaciones, *In re Aprob. Enmdas.* Reglamento TA, 2025 TSPR 141, 216 DPR __ (2025), procede la desestimación del recurso.

## IV.

Por los fundamentos expuestos, ***desestimamos*** el presente recurso por académico.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones